IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RONALD G. BROCK, | | |
| | Plaintiff, | No. 2:13-cv-0428 KJN P |
| | vs. | |
| EDMUND G. BROWN, JR., et al., | | <u>ORDER AND</u> |
| | Defendants. | <u>FINDINGS AND RECOMMENDATIONS</u> |
| _____/ | | |

      Plaintiff is a state prisoner proceeding without counsel.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

      Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis is granted.

      Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's prison trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to

make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("a judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual

1   allegations sufficient "to raise a right to relief above the speculative level." Id.  However,
2   "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair
3   notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551
4   U.S. 89, 93 (2007) (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal
5   quotations marks omitted).  In reviewing a complaint under this standard, the court must accept
6   as true the allegations of the complaint in question,  id., and construe the pleading in the light
7   most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other
8   grounds, Davis v. Scherer, 468 U.S. 183 (1984).

9          Plaintiff claims that defendants have deprived him of his right to parole, or the
10  possibility of parole, and denied him of his right to equal protection, based on their failure to
11  release him along with other prisoners considered nonviolent and not a danger to society .
12  Plaintiff contends the trial court found he was nonviolent and not a danger to society.  (Dkt. No.
13  1 at 5.)  Plaintiff seeks a declaratory judgment stating that plaintiff is not harmful, violent, or a
14  danger to society, and an injunction enjoining defendants from classifying plaintiff in any class or
15  placement other than harmless, nonviolent, and not a danger to society.  (Id. at 6-7.)

16         While not entirely clear, it appears plaintiff challenges the manner in which
17  inmates were released pursuant to the three judge panel's ruling in Coleman v. Brown, 2:90-0520
18  LKK JFM P (E.D. Cal.), and Plata v. Brown, C01-1351 THE (N.D. Cal.).  However, plaintiff
19  does not have standing to challenge such a release order.  Prisoners included in the Coleman and
20  Plata class actions are represented by counsel, and all motions must be filed through counsel in
21  the appropriate action.

22         To the extent plaintiff attempts to challenge the fact or duration of his own
23  incarceration, plaintiff must proceed by seeking habeas relief.  When a state prisoner seeks "a
24  determination that he is entitled to immediate release or a speedier release from . . .
25  imprisonment, his sole federal remedy is a writ of habeas corpus." Preiser v. Rodriguez, 411
26  U.S. 475, 500 (1973).  As a result, civil rights complaints seeking immediate or speedier release

are barred by the doctrine of Heck v. Humphrey, 512 U.S. 477, 481 (1994). In Heck, the Court re-emphasized that a prisoner in state custody cannot use a civil rights action to challenge the fact or duration of his confinement. Id. at 481.

A civil rights complaint seeking habeas relief should be dismissed without prejudice to bringing it as a petition for writ of habeas corpus. Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995). Plaintiff previously challenged his 2003 conviction for ten counts of lewd and lascivious conduct with a child under fourteen. Brock v. Lea, No. CV 08-557-SJO (PLA) (C.D. Cal. Feb. 8, 2012) (petition denied on the merits). Before a litigant may file a second habeas petition, he must move in the United States Court of Appeals for the Ninth Circuit for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3). Once plaintiff is granted leave to file a second habeas petition, he must file it in the Central District of California, as plaintiff was convicted in the Los Angeles County Superior Court.

For all of the above reasons, plaintiff's complaint should be dismissed for failure to state a claim.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. The Clerk of the Court is directed to assign a district judge to this case.

IT IS RECOMMENDED that plaintiff's complaint be dismissed, without prejudice, for failure to state a claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen

days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 11, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

broc0428.56