IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RONALD G. BROCK,

    Plaintiff,                    No. 2:13-cv-0428 TLN KJN P

    vs.

EDMUND G. BROWN, JR., et al.,      ORDER AND

    Defendants.             FINDINGS AND RECOMMENDATIONS

_____/

       Plaintiff is a state prisoner proceeding without counsel and in forma pauperis. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

       On March 12, 2013, the undersigned recommended that plaintiff's complaint be dismissed for failure to state a claim. Plaintiff filed objections clarifying the nature of the relief sought. Accordingly, the court vacates the findings and recommendations and will address plaintiff's allegations as clarified in the objections.

       The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

////

1

"frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("a judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, id., and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

Plaintiff seeks a declaratory judgment stating that plaintiff "is not harmful, violent, and is not a danger to society," and requiring defendants to accept the trial court's finding that plaintiff is not harmful, violent or a danger to society. (ECF No. 11 at 2.) Plaintiff claims that defendants have deprived him of his right to parole, or the possibility of parole, and denied him his right to equal protection, based on their failure to release him along with other prisoners considered nonviolent and not a danger to society. Plaintiff contends the trial court found he was nonviolent and not a danger to society. (ECF No. 1 at 5.) Plaintiff also seeks an injunction enjoining defendants from classifying plaintiff in any class or placement other than harmless, nonviolent, and not a danger to society. (Id. at 6-7.) Plaintiff cites 28 U.S.C. § 2201 as the basis for this court's jurisdiction over his claims.

Plaintiff bears the burden of establishing that the court has jurisdiction. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). In his objections, plaintiff makes it clear that he does not seek to raise a § 1983 challenge, but rather seeks relief solely pursuant to 28 U.S.C. § 2201. In so doing, plaintiff attempts to utilize the Declaratory Judgment Act as an alternative for habeas corpus relief. Indeed, it appears plaintiff seeks a declaratory judgment for use in future parole proceedings or in an effort to be earlier released from state custody. (ECF No. 1, *passim*.) Specifically, petitioner alleges he has been deprived of the possibility of parole. (ECF No. 1 at 5.) The Declaratory Judgment Act does not, however, provide an independent jurisdictional basis, Clark v. Busey, 959 F.2d 808, 812 (9th Cir. 1992), and "may not be used as a substitute for habeas corpus . . . or other such procedures." Benson v. State Bd. of Parole & Probation, 384 F.2d 238, 239 (9th Cir. 1967). Because plaintiff provides no basis upon which the court may exercise jurisdiction in this case, the court recommends dismissal for lack of subject matter jurisdiction.

In accordance with the above, IT IS HEREBY ORDERED that the March 12, 2013 findings and recommendations (ECF No. 5) are vacated; and

////

IT IS RECOMMENDED that plaintiff's complaint be dismissed for lack of subject matter jurisdiction. The dismissal should be without prejudice to plaintiff's right to file a proper collateral challenge to his sentence pursuant to 28 U.S.C. § 2254.[1][2]

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 5, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

broc0428.56b

---

[1] Plaintiff previously challenged his 2003 conviction for ten counts of lewd and lascivious conduct with a child under fourteen. Brock v. Lea, No. CV 08-557-SJO (PLA) (C.D. Cal. Feb. 8, 2012) (petition denied on the merits). Before a litigant may file a second habeas petition challenging the same conviction, he must move in the United States Court of Appeals for the Ninth Circuit for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3). Once plaintiff is granted leave to file a second habeas petition, he must file it in the Central District of California, as plaintiff was convicted in the Los Angeles County Superior Court.

[2] If plaintiff wishes to challenge a specific parole decision, a § 1983 action is not the proper vehicle to challenge the Board's procedures and/or decision. Under Swarthout v. Cooke, 131 S. Ct. 859, 861-62 (2011) (per curiam), the only federal due process to which plaintiff is entitled in connection with a parole decision by the Board of Parole Hearings is the minimal procedural due process protections set forth in Greenholtz v. Inmates of Nebraska Penal & Corr. Complex, 442 U.S. 1, 16 (1979) (i.e., an opportunity to be heard, and a statement of reasons for the denial). If plaintiff wishes to challenge the Board's denial of parole by arguing that the basic requirements of due process under Swarthout were not met, the proper vehicle for such a challenge is a petition for writ of habeas corpus.